IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL A. MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:16-CV-84-WKW |
| ) | [WO] |
| DALE COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, against the Dale County Jail and Dale County, Alabama. In this action Plaintiff complains that during his incarceration at the Dale County Jail in September 2015, he was improperly housed with a federal inmate and was subjected to an assault. Plaintiff requests a full investigation and production of documents regarding the matters about which he complains. *Doc. No. 1.*

Plaintiff is no longer incarcerated at the Dale County Jail. Based on Plaintiff's complaint and the specific relief sought, the undersigned concludes that this action is due to be dismissed as moot.

### **DISCUSSION**

Plaintiff challenges matters which occurred during his incarceration at the Dale County Jail in Ozark, Alabama. Plaintiff complains that he was improperly housed with a federal inmate because his detention at the county jail was based on a misdemeanor offense. Plaintiff also complains he was assaulted at the jail, which caused injuries to his eye, mouth, and head. For relief, Plaintiff seeks a full investigation and production of unspecified documents regarding the matters alleged in the complaint. *Doc. No. 1.*

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to render the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Plaintiff is no longer an inmate at the Dale County Jail. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated

injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985). In light of the foregoing, the court finds that Plaintiff's action is now moot. *Id.*; *County of Los Angeles v. Davis*, 440 U.S. 625 (1979). Because there is no present case or controversy to support the court's jurisdiction over this action, Plaintiff's complaint is due to be dismissed without prejudice for lack of jurisdiction.[1]

## CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED without prejudice for lack of jurisdiction.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Plaintiff. Plaintiff may file any objections to this Recommendation on or before **February 26, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

---

[1] Even if this action were not subject to dismissal as moot, Plaintiff's complaint against the named defendants, as pled, would not be allowed to proceed. Regarding Defendant Dale County, Alabama, although the Supreme Court has held that cities and counties are "persons" within the scope of § 1983, and subject to liability, Plaintiff could not rely upon the theory of *respondeat superior* to hold Dale County liable. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983."); *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). Section 1983 imposes liability on a municipality, such as Dale County, only if it deprives a plaintiff of rights protected by the Constitution or federal law pursuant to an official municipal policy. *Monell*, 436 U.S. at 690-91. The fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee does not permit an inference of municipal culpability and causation. *Bd. of County Com'rs v. Brown*, 520 U.S. 397, 403 (1997). Regarding Plaintiff's complaint against Defendant Dale County Jail, in order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state laws are well settled that a jail is not a legal entity subject to suit or liability. *Id.*; W*hite v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of February, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE